IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONETTE MCKILLIP )<br>)<br>    Plaintiff )<br>  v. )<br>)<br>CATHOLIC ORDER OF FORESTERS )<br>)<br>AND )<br>)<br>CHRISTOPHER NOWOTARSKI )<br>)<br>    Defendants. ) | Case No. :<br><br>  FILED: MARCH 27, 2008<br>  08CV1791        EDA<br>  JUDGE DOW<br>  MAGISTRATE JUDGE VALDEZ<br><br>**Trial by Jury Demanded** |

## COMPLAINT

COMES NOW the Plaintiff, by her attorneys The Case Law Firm, LLC, and for her complaint against the Defendants states as follows:

### Introduction

1.    This action arises under the Americans with Disabilities Act (hereinafter "ADA") and Illinois common law.

### Jurisdiction & Venue

2.    Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

3.    Plaintiff filed a Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission on October 10, 2006 alleging that Defendant Catholic Order of Foresters ("Defendant COF") had discriminated and retaliated against her and other disabled employees. On December 14, 2007, the EEOC issued a determination finding

reasonable cause to support Plaintiff's claims.  On February 20, 2008, Plaintiff received her Notice of Right to Sue.  Plaintiff's Charge, the EEOC's Determination and Plaintiff's Notice of Right to Sue are attached hereto as Group Exhibit A.

**Factual Allegations**

4. Plaintiff Antonette McKillip ("Plaintiff") is a citizen of the United States and resident of Naperville, Illinois.  Plaintiff's residence is located in DuPage County, Illinois.

5. Defendant COF is a Fraternal Benefit Society qualified and doing business in Naperville, DuPage County, Illinois.

6. Defendant Christopher Nowotarski ("Defendant Nowotarski") is a citizen of the United States and a resident of Northbrook, Illinois.

7. At all relevant times, Defendant Nowotarski worked as the Director of Human Resources for Defendant COF and, for purposes of the allegations herein, acted as Defendant COF's alter ego in that he had the authority to make decisions and set policy for Defendant COF.

8. The relevant facts cited herein occurred at Defendant COF's location in Naperville, DuPage County, Illinois.

9. Plaintiff began working for Defendant as a part-time receptionist in 1995 and moved to full time secretary in 1999.  At all relevant times, Plaintiff met the requirements of her job and could perform the essential functions of her job either on her own or with the help of a reasonable accommodation.

10. In or around December 2005, Defendant Nowotarski became the Director of Human Resources for Defendant COF and Plaintiff's direct supervisor.

11. During her employment, Plaintiff suffered from severe Irritable Bowel Syndrome ("IBS") and/or colitis.  In or around January 2006, her condition severely worsened.  During all

relevant times, Plaintiff's condition caused her extreme pain and would cause her to lose control of her bowels if she was not able to immediately relieve herself. On more than one occasion Plaintiff soiled herself after not being able to use the restroom in a timely manner.

12. Plaintiff's condition substantially limited her in a number of major life activities including but not limited to: waste elimination, digestion and eating. At all relevant times, Plaintiff's condition was not mitigated by medication.

13. At all relevant times Plaintiff was a qualified employee as defined by the ADA.

14. In January 2006, Plaintiff informed Defendant Nowotarski about her condition and the ways in which it limited her.

15. Beginning in January 2006, and on number of occasions thereafter, Plaintiff, as a reasonable accommodation for her condition, asked to be permitted to leave the front desk in the event of her condition flaring in order to use the company restroom and quickly relieve herself. Defendant refused to grant Plaintiff this accommodation. This denial resulted in Plaintiff, on many occasions, suffering through an IBS attack at her desk in extreme pain and nausea. Plaintiff's desk was in open view of others and, thus, these numerous instances caused her extreme embarrassment.

16. In addition to refusing to accommodate her, Defendant Nowotarski treated Plaintiff in a hostile and discriminatory manner, retaliated against her and subjected her to far harsher discipline than her non-disabled counterparts.

17. Moreover, when Plaintiff used sick leave to care for herself, Defendant Nowotarski regularly called her at home and harassed her.

18. On January 23, 2006, Plaintiff informed Defendant Nowotarski that her blood pressure was extremely high and that she believed her workplace stress was, at least in part, the

3

cause of it. Because her doctor was concerned about stress exacerbating her IBS/colitis, Plaintiff asked Defendant Nowotarski to accommodate her by reassigning small parts of her workload in order to help reduce her stress.

19. Defendant Nowotarski refused to grant the accommodation and, instead, on that same day, issued Plaintiff a written disciplinary warning and suspended her for the rest of the day without pay. In this written disciplinary warning, Defendant Nowotarski noted that one of the reasons for Plaintiff's suspension was that she "claimed" to have high blood pressure.

20. Plaintiff prepared a written response to this warning in which she again iterated her health conditions and, again, requested accommodations. Plaintiff continued to request reasonable accommodations until the time of her termination. She was denied each and every request.

21. On June 21, 2006, Defendant COF terminated Plaintiff.

22. Defendant COF has discriminated and retaliated against other disabled employees.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

23. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count I.

24. At all relevant times, Plaintiff was a qualified employee entitled to the protections of the ADA.

25. Defendant COF intentionally discriminated against Plaintiff on the basis of her disability.

26. Defendant COF engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under the ADA.

27. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and loss of other employment benefits, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Enter a finding that Defendant COF violated the ADA;

    B. Award her lost wages in the form of back pay and front pay;

    C. Award her compensatory and punitive damages;

    D. Award her attorneys' fees and;

    E. Award any such further relief the Court may deem just and equitable.

## COUNT II
## FAILURE TO ACCOMMODATE AGAINST DEFENDANT COF

28. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count II.

29. At all relevant times, Plaintiff was a qualified employee entitled to the protections of the ADA.

30. Plaintiff requested and was denied reasonable accommodations.

31. Defendant COF knowingly, intentionally and willfully failed to provide these accommodations.

32. As a result of Defendant COF's refusal to accommodate her, Plaintiff suffered damages, including but not limited to emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Enter a finding that Defendant violated the ADA by refusing to implement reasonable accommodations;

    B. Award her lost wages in the form of back pay and front pay;

    C.  Award her compensatory and punitive damages;

    D.  Award her attorneys' fees and;

    E.  Award any such further relief the Court may deem just and equitable.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA AGAINST DEFENDANT COF

33.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count III.

34.    At all relevant times, Plaintiff was a qualified employee or reasonably believed she was a qualified employee entitled to the protections of the ADA.

35.    Defendant knowingly, intentionally and willfully retaliated against Plaintiff as a result of Plaintiff exercising her rights and/or requesting accommodations under the ADA.

36.    As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and loss of other employment benefits, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.  Enter a finding that Defendant retaliated against her in violation of the ADA;

    B.  Award her lost wages in the form of back and front pay;

    C.  Award her compensatory and punitive damages;

    D.  Award her attorneys' fees and;

    E.  Award any such further relief the Court may deem just and equitable.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT COF AND DEFENDANT NOWOTARSKI

37.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count IV.

38. Defendants' conduct toward Plaintiff was extreme and outrageous.

39. Defendants intended to cause, or had a reckless disregard of the probability of causing, emotional distress to Plaintiff.

40. As an actual and proximate cause, Plaintiff suffered severe and extreme emotional distress and damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award her lost wages and compensation for lost benefits;

B. Award her compensatory and punitive damages;

C. Award her attorneys' fees;

D. Award any such further relief the Court deems justice requires.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

ANTONETTE MCKILLIP

By: s/ Kristin M. Case
Plaintiff's Attorney

Kristin M. Case
The Case Law Firm, LLC
150 N. Michigan Avenue, Suite 2700
Chicago, Illinois 60601
(312) 920-0400
(312) 920-0800
kcase@thecaselawfirm.com