**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONETTE MCKILLIP ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. :    08-CV-1791 |
| ) | |
| CATHOLIC ORDER OF FORESTERS ) | Judge Dow |
| ) | |
| AND ) | Magistrate Judge Valdez |
| ) | |
| CHRISTOPHER NOWOTARSKI ) | |
| ) | |
| Defendants. ) | |

**JOINT INITIAL STATUS REPORT**

A. Plaintiff is represented by Kristin M. Case of the Case Law firm, LLC who is expected to try the case for her. Defendants are represented by David M. Holmes, Angela N. McManus and Joanne Ciminera of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, who are expected to try the case.

B. The basis of federal jurisdiction is federal question, 28 U.S.C. § 1331, for McKillip's claim under the federal Americans with Disabilities Act and supplemental jurisdiction, 28 U.S.C. § 1367, for her claim for the intentional infliction of emotional distress.

C. Plaintiff asserts claims for violation of the Americans with Disabilities Act as well as a claim against Defendant Nowotarski for the intentional infliction of emotional distress.

D. All parties have been served.

E. The principal legal issues are: 1) whether Defendant Catholic Order of Foresters violated the Americans with Disabilities Act and 2) whether Defendant Nowotarski intentionally inflicted emotional distress upon Plaintiff.

F.   The principal factual issues are: 1) whether Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act; 2) whether Plaintiff requested a reasonable accommodation within the meaning of the Americans with Disabilities Act; 3) assuming that Plaintiff did request a reasonable accommodation, whether Defendants denied Plaintiff's request for reasonable accommodation; 4) whether Defendant Nowotarski called Plaintiff at home while she was on sick leave for her alleged disability and harassed her; 5) whether Plaintiff was terminated for a legitimate, non-discriminatory reason; 6) whether Defendants' conduct was extreme and outrageous; 7) whether Defendants intended to cause or had a reckless disregard of the probability of causing, emotional distress to Plaintiff; 8) whether Plaintiff suffered severe and extreme emotional distress as a result of Defendants' conduct; 9) whether Defendants' conduct was the actual and proximate cause of Plaintiff's severe and extreme emotional distress and damages.

G.   Plaintiff has demanded a trial by jury.

H.   The parties have not yet taken discovery.  The parties propose that fact discovery close on September 19, 2008, that expert discovery close on November 19, 2008, and that any dispositive motions be filed on or before December 19, 2008.

I.   The earliest date the parties anticipate being ready for trial is March 12, 2009.

J.   The parties do not consent to proceed before a Magistrate at this time.

K.   The parties do request a settlement conference.

RESPECTFULLY SUBMITTED,

**ANTONETTE MCKILLIP**

By: /s/ Kristin M. Case
　　Her Attorney

Kristin M. Case
**The Case Law Firm, LLC**
150 N. Michigan Avenue
Suite 2700
Chicago, IL  60601
(312) 920-0400

**CATHOLIC ORDER OF FORESTERS
and CHRISTOPHER NOWOTARSKI**,

By: /s/ Angela N. McManus
　　One of their attorneys

WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 N. LaSalle Street
Suite 2600
Chicago, IL  60602
T: (312) 704-0550
F: (312) 704-1522