IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONETTE MCKILLIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08CV1791 |
| ) | Judge Dow |
| CATHOLIC ORDER OF FORESTERS ) | Magistrate Judge Valdez |
| and CHRISTOPHER NOWOTARSKI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, CATHOLIC ORDER OF FORESTERS and CHRISTOPHER NOWOTARSKI, by and through their attorneys, David M. Holmes, Angela N. McManus and Joanne Ciminera, and for their Answer to Plaintiff's Complaint state as follows:

### Introduction

1.　　This action arises under the Americans with Disabilities Act (hereinafter "ADA") and Illinois and common law.

**ANSWER:**　　Defendants admit the allegations contained in paragraph 1.

### Jurisdiction & Venue

2.　　Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

**ANSWER:**　　Defendants admit the allegations contained in paragraph 2.

486876.1

3. Plaintiff filed a Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission on October 10, 2006 alleging that Defendant Catholic Order of Foresters ("Defendant COF") had discriminated and retaliated against her and other disabled employees. On December 14, 2007, the EEOC issued a determination finding reasonable cause to support Plaintiff's claims. On February 20, 2008, Plaintiff received her Notice of Right to Sue. Plaintiff's Charge, the EEOC's Determination and Plaintiff's Notice of Right to Sue are attached hereto as Group Exhibit A.

**ANSWER:** Defendants admit the allegations contained in paragraph 3.

### Factual Allegations

4. Plaintiff Antoinette McKillip ("Plaintiff") is a citizen of the United States and resident of Naperville, Illinois. Plaintiff's residence is located in DuPage County, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 4.

5. Defendant COF is a Fraternal Benefit Society qualified and doing business in Naperville, DuPage County, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 5.

6. Defendant Christopher Nowotarski ("Defendant Nowotarski") is a citizen of the United States and a resident of Northbrook, Illinois.

**ANSWER:** Defendants admit that Defendant Nowotarski is a citizen of the United States but deny the remaining allegations contained in paragraph 6.

7. At all relevant times, Defendant Nowotarski worked as the Director of Human Resources for Defendant COF and, for purposes of the allegations herein, acted as Defendant COF's alter ego in that he had the authority to make decisions and set policy for Defendant COF.

**ANSWER:** Defendants admit the allegations contained in paragraph 7, except deny the allegation that Nowotarski was COF's alter ego.

8. The relevant facts cited herein occurred at Defendant's COF location in Naperville, DuPage County, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 8.

9. Plaintiff began working for Defendant as a part-time receptionist in 1995 and moved to full time secretary in 1999. At all relevant times, Plaintiff met the requirements of her job and could perform the essential functions of her job either on her own or with the help of a reasonable accommodation.

**ANSWER:** Defendants admit that Plaintiff began working for Defendant COF in 1995 and was moved to a full time secretary position in 1999. Defendants deny the remaining allegations contained in paragraph 9.

10. In or around December 2005, Defendant Nowotarski became the Director of Human Resources for Defendant COF and Plaintiff's direct supervisor.

**ANSWER:** Defendants deny the allegations contained in paragraph 10 and affirmatively state that Defendant Nowotarski became the Director of Human Resources for Defendant COF and Plaintiff's supervisor in January of 2006.

11. During her employment, Plaintiff suffered from severe Irritable Bowel Syndrome ("IBS") and/or colitis. In or around January 2006, her condition severely worsened. During all

relevant times, Plaintiff's condition caused her extreme pain and would cause her to lose control of her bowels if she was not able to immediately relieve herself. On more than one occasion Plaintiff soiled herself after not being able to use the restroom in a timely manner.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Plaintiff's condition substantially limited her in a number of major life activities including but not limited to: waste elimination, digestion and eating. At all relevant times, Plaintiff's condition was not mitigated by medication.

**ANSWER:** Defendants deny the allegations contained in paragraph 12.

13. At all relevant times Plaintiff was a qualified employee as defined by the ADA.

**ANSWER:** Defendants deny the allegations contained in paragraph 13.

14. In January 2006, Plaintiff informed Defendant Nowotarski about her condition and the ways in which it limited her.

**ANSWER:** Defendants deny the allegations contained in paragraph 14.

15. Beginning in January 2006, and on (*sic*) number of occasions thereafter, Plaintiff, as a reasonable accommodation for her condition, asked to be permitted to leave the front desk in the event of her condition flaring in order to use the company restroom and quickly relieve herself. Defendant refused to grant Plaintiff this accommodation. This denial resulted in Plaintiff, on many occasions, suffering through an IBS attack at her desk in extreme pain and nausea. Plaintiff's desk was in open view of others and, thus, these numerous instances caused her extreme embarrassment.

**ANSWER:** Defendants deny that Plaintiff asked to be permitted to leave the front desk in the event of her condition flaring in order to use the company restroom and quickly relieve herself as a reasonable accommodation beginning in January 2006 and on a number of occasions thereafter and deny that Defendants refused to grant Plaintiff this accommodation. Defendants are without knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations contained in paragraph 15.

16. In addition to refusing to accommodate her, Defendant Nowotarski treated Plaintiff in a hostile and discriminatory manner, retaliated against her and subjected her to far harsher discipline than her non-disabled counterparts.

**ANSWER:** Defendants deny the allegations contained in paragraph 16.

17. Moreover, when Plaintiff used sick leave to care for herself, Defendant Nowotarski regularly called her at home and harassed her.

**ANSWER:** Defendants deny the allegations contained in paragraph 17.

18. On January 23, 2006, Plaintiff informed Defendant Nowotarski that her blood pressure was extremely high and that she believed her workplace stress was, at least in part, the cause of it. Because her doctor was concerned about stress exacerbating her IBS/colitis, Plaintiff asked Defendant Nowotarski to accommodate her by reassigning small parts of her workload in order to help reduce her stress.

**ANSWER:** Defendants admit that, on or around January 23, 2006, Plaintiff informed Defendant Nowotarski that her blood pressure was high and that she felt stressed, but affirmatively state that Plaintiff only did so after having been counseled about insubordination for the second time that day. Defendants admit that Plaintiff asked Defendant Nowotarski to

486876.1

reassign small parts of her workload, but deny that Plaintiff asked him to do so because she was concerned about stress exacerbating her IBS/colitis.

19. Defendant Nowotarski refused to grant the accommodation and, instead, on that same day, issued Plaintiff a written disciplinary warning and suspended her for the rest of the day without pay. In this written disciplinary warning, Defendant Nowotarski noted that one of the reasons for Plaintiff's suspension was that she "claimed" to have high blood pressure.

**ANSWER:** Defendants admit that Plaintiff was suspended for the day without pay but affirmatively state that this was solely due to insubordination. Defendants deny the remainder of the allegations contained in paragraph 19.

20. Plaintiff prepared a written response to this warning in which she again iterated her health conditions and, again, requested accommodations. Plaintiff continued to request reasonable accommodations until the time of her termination. She was denied each and every request.

**ANSWER:** Defendants admit that Plaintiff prepared a written response to this warning but deny the remainder of the allegations contained in paragraph 20.

21. On June 21, 2006, Defendant COF terminated Plaintiff.

**ANSWER:** Defendants admit the allegations contained in paragraph 21.

22. Defendant COF has discriminated and retaliated against other disabled employees.

**ANSWER:** Defendants deny the allegations contained in paragraph 22.

486876.1

## COUNT I
## DISCRIMIATION IN VIOLATION OF THE ADA

23. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count I.

**ANSWER:** Defendant COF incorporates by reference its answers to paragraphs 1-22 of its Answer as though fully set forth herein.

24. At all relevant times, Plaintiff was a qualified employee entitled to the protections of the ADA.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 24.

25. Defendant COF intentionally discriminated against Plaintiff on the basis of her disability.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 25.

26. Defendant COF engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under the ADA.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 26.

27. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and loss of other employment benefits, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendant COF violated the ADA;

B. Award her lost wages in the form of back pay and front pay;

C. Award her compensatory and punitive damages;

D. Award her attorneys' fees and;

E. Award any such further relief the Court may deem just and equitable.

486876.1

**ANSWER:** Defendant COF denies that any discrimination in violation of the ADA occurred and therefore denies that Plaintiff is entitled to any relief sought in paragraph 27.

## COUNT II
## FAILURE TO ACCOMMODATE AGAINST DEFENDANT COF

28. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count II.

**ANSWER:** Defendant COF incorporates by reference its answers to paragraphs 1-22 of its Answer as though fully set forth herein.

29. At all relevant times, Plaintiff was a qualified employee entitled to the protections of the ADA.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 29.

30. Plaintiff requested and was denied reasonable accommodations.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 30.

31. Defendant COF knowingly, intentionally and willfully failed to provide these accommodations.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 31.

32. As a result of Defendant COF's refusal to accommodate her, Plaintiff suffered damages, including but not limited to emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court:

F. Enter a finding that Defendants violated the ADA by refusing to implement reasonable accommodations.

G. Award her lost wages in the form of back pay and front pay;

H. Award her compensatory and punitive damages;

I. Award her attorneys' fees and;

486876.1

J. Award any such further relief the Court may deem just and equitable.

**ANSWER:** Defendant COF denies that any failure to accommodate occurred and therefore denies that Plaintiff is entitled to any relief sought in paragraph 32.

### COUNT III
### RETALIATION IN VIOLATION OF THE ADA AGAINST DEFENDANT COF

33. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count III.

**ANSWER:** Defendant COF incorporates by reference its answers to paragraphs 1-22 of its Answer as though fully set forth herein.

34. At all relevant times, Plaintiff was a qualified employee or reasonably believed she was a qualified employee entitled to the protections of the ADA.

**ANSWER:** Defendant COF denies that Plaintiff was a qualified employee entitled to the protections of the ADA and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 34.

35. Defendant knowingly, intentionally and willfully retaliated against Plaintiff as a result of Plaintiff exercising her rights and/or requesting accommodations under the ADA.

**ANSWER:** Defendant COF denies the allegations contained in paragraph 35.

36. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and loss of other employment benefits, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court:

K. Enter a finding that Defendant retaliated against her in violation of the ADA;

L. Award her lost wages in the form of back and front pay;

M. Award her compensatory and punitive damages;

486876.1

N. Award her attorneys' fees and;

O. Award any such further relief the Court may deem just and equitable.

**ANSWER:** Defendant COF denies that any retaliation occurred and therefore denies that Plaintiff is entitled to any relief sought in paragraph 36.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT COF AND DEFENDANT NOWOTARSKI

37. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count IV.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1-22 of its Answer as though fully set forth herein.

38. Defendants' conduct toward Plaintiff was extreme and outrageous.

**ANSWER:** Defendants deny the allegations contained in paragraph 38.

39. Defendants intended to cause, or had a reckless disregard of the probability of causing, emotional distress to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 39.

40. As an actual and proximate cause, Plaintiff suffered severe and extreme emotional distress and damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

P. Award her lost wages and compensation for lost benefits;

Q. Award her compensatory and punitive damages;

R. Award her attorneys' fees;

S. Award any such further relief the Court deems justice requires.

486876.1

**ANSWER:** Defendants deny that any intentional infliction of emotional distress occurred and therefore deny that Plaintiff is entitled to any relief sought in paragraph 40.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff has failed to mitigate her damages, her claim for damages is barred.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendant COF terminated Plaintiff's employment for legitimate non-discriminatory business reasons.

4. Plaintiff is not disabled as defined by the Americans with Disabilities Act.

5. Plaintiff is not substantially limited in a major life activity, does not have a record of impairment, and is not regarded as having a disability.

6. Any employment decision made by Defendants concerning or affecting Plaintiff was based on reasonable factors other than Plaintiff's alleged disability.

7. If Defendants were found to have impermissibly considered Plaintiff's alleged disability in any employment decision affecting Plaintiff, Defendants would have made the same employment decision even if Plaintiff was not disabled.

8. Plaintiff cannot show that the conduct alleged would not have occurred but for her alleged disability.

9. Plaintiff has not suffered any damages as a result of the actions complained of in this lawsuit.

10. Defendants are entitled to a setoff for any back-pay award for all amounts earned by Plaintiff subsequent to her employment with Defendant COF.

11. Plaintiff was not discriminated against or treated differently due to any alleged or perceived disability.

12. Plaintiff cannot establish a *prima facie* case of discrimination because even if she is considered to be disabled or was perceived as disabled, she was not meeting the legitimate expectations of Defendants at the time of her termination.

13. Plaintiff cannot establish a *prima facie* case of discrimination because she cannot prove that she would not have been terminated but for her alleged disability.

14. Plaintiff was not retaliated against due to any alleged or perceived disability.

15. Plaintiff cannot establish a *prima facie* case of retaliation because she did not engage in a protected activity.

16. Plaintiff cannot establish a *prima facie* case of retaliation because cannot prove that there was any causal connection between any protected activity she may have engaged in and her termination.

17. Plaintiff cannot establish a *prima facie* case of intentional infliction of emotional distress because Defendants' alleged actions do not constitute extreme and outrageous conduct.

18. Plaintiff cannot establish a *prima facie case* of intentional infliction of emotional distress because Defendants' actions were not the proximate cause of Plaintiff's alleged emotional distress.

19. Plaintiff cannot establish a *prima facie* case of intentional infliction of emotional distress because Plaintiff's alleged emotion distress is not severe.

20. Plaintiff cannot prove that any of Defendants' actions were intentional, willful, wanton, malicious, or a disregard of her rights; accordingly, Plaintiff's demands for punitive damages should be stricken.

21. Plaintiff may not recover punitive damages because any alleged discriminatory acts by managerial employees are contrary to the good faith efforts of the defendant in complying with Title VII.

WHEREFORE, Defendants, CATHOLIC ORDER OF FORESTERS and CHRISTOPHER NOWOTARSKI, pray that Plaintiff, ANTOINETTE MCKILLIP, takes nothing by this Complaint and that she be assessed the cost of this litigation.

**CATHOLIC ORDER OF FORESTERS**
**And CHRISTOPHER NOWOTARSKI,**

By: <u>s/ David M. Holmes</u>
One of their attorneys

David M. Holmes, Esq.
Angela N. McManus, Esq.
Joanne Ciminera, Esq.
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
312-704-0550

486876.1

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that on the 30th day of May, 2008, the above and foregoing Answer and Affirmative Defenses was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on the following by the method(s) indicated:

***By CM/ECF Electronic Notification***

Kristin Case
The Case Law Firm, LLC
150 N. Michigan Avenue
Suite 2700
Chicago, Illinois  60601
kcase@thecaselawfirm.com


Parties may access this filing through the Court's system.

                                                                                                               */s/ Angela N. McManus*

486876.1